IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| CHERYL LYNNE ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 106-199 |
| ) | |
| TONY WALDEN, et al., ) | |
| ) | |
| Defendants. ) | |

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Plaintiff filed the above-captioned complaint *pro se* and is proceeding *in forma pauperis* ("IFP"). On January 16, 2007, the Court reviewed Plaintiff's complaint in conformity with the IFP statute. See 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). Because of pleading deficiencies in Plaintiff's complaint, the Court ordered her to amend her complaint. She was given fifteen (15) days to comply, and she was told that she must file an amended complaint if she intended to move forward with her case. (See doc. no. 4). Plaintiff failed to respond to the Court's January 16th Order.

On February 27, 2007, the Court granted Plaintiff ten (10) additional days to amend her complaint in accordance with the Court's January 16th Order. (Doc. no. 7, pp. 1-2). Plaintiff was warned that if she failed to comply after this additional ten-day extension, the Court would recommend that her case be dismissed for want of prosecution. (Id. at 2 (citing Loc. R. 41.1(c))).

Plaintiff's service copy of the Court's February 27, 2007 Order was returned as undeliverable. (Staff Note, Mar. 5, 2007). Plaintiff has failed to notify the Court of a change of address. Plaintiff's failure to provide the Court with an address where she can be reached has the effect of saddling the Court with a stagnant case. The Eleventh Circuit has stated that "the district court's power to control its docket includes the inherent power to dismiss a case . . . ." Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., 711 F.2d 989, 998 (11th Cir. 1983); see also Burden v. Yates, 644 F.2d 503, 505 (5th Cir. Unit B May 1981) ("It is also clear that a district court's power to control its docket includes the inherent power to dismiss a case."); Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970) ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c).

The test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Here, Plaintiff's failure to provide the Court with a valid address amounts not only to a failure to prosecute, but an abandonment of her case.[1] This is precisely the type of neglect contemplated by the Local Rules.

---

[1] The Court's January 16th Order explicitly stated, "Plaintiff is cautioned that while this action is pending, she shall immediately inform this Court of any change of address. Failure to do so will result in dismissal of this case." (Doc. no. 4, p. 5) (emphasis added).

2

Furthermore, because Plaintiff is proceeding IFP, the Court finds that the imposition of monetary sanctions is a not feasible sanction.

However, the Court recognizes that Plaintiff is proceeding *pro se*, and courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[2] See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993). Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice. The Court is not permanently barring Plaintiff from bringing a meritorious claim. It is simply recommending dismissing the case without prejudice until such time as Plaintiff is willing to file her case and pursue it.

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice, and that this case be **CLOSED**.

SO REPORTED and RECOMMENDED this 27th day of ____March____, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[2]Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).

3